MAYNARD and another *vs.* THOMPSON & HUNTLEY.

A certificate of a justice of the peace of a judgment rendered and execution issued by him, is *evidence* as well for himself as for the plaintiff in the execution, in an action of trespass for selling property by virtue of such execution.

Such certificate may be granted *after the expiration of office* of the justice; and *it seems*, that an action would lie for a false certificate, the same as if granted by him while in office.

The certificate authenticating the certificate of the justice must be given by the clerk of the county where the justice resided at the time of the rendition of the judgment.

THIS was an action of trespass *de bonis asportatis*, tried at the Onondaga circuit, in September, 1828, before the Hon. ENOS T. THROOP, then one of the circuit judges.

Property of the plaintiffs was sold by a constable, under executions against them, issued by Thompson, as a justice of the peace, in favor of Huntley. In justification, the defendants produced a *certificate* given by Thompson, certifying that in November, 1826, he, as a justice of the peace of Onondaga, rendered two judgments in favor of Huntley against the plaintiffs, and that on such judgments he issued the executions under which the sale was had; to which certificate was attached a certificate of the clerk of the county of Onondaga, under the seal of the county, certifying that at the date of the judgments Thompson, whose signature was affixed to the certificate, was a justice of the peace of that county. Thompson's office as a *justice* expired on the last day of December, 1827, and his certificate produced on the trial bore date 2d February, 1828. The plaintiffs objected to its admission as evidence, on the grounds that a party could not thus furnish evidence for himself, and if that was allowable, that he could not make such certificate after the expiration of his office. The judge sustained the objection. The defendants then offered to prove by a witness present at the rendition of the judgments, that the judgments in question were rendered by Thompson; this evidence was objected to, for that it appeared that Thompson kept a docket

of judgments rendered by him, and that secondary evidence was inadmissible, until the non-production of the docket was accounted for. This objection was also sustained. The jury, under the charge of the judge, found a verdict for the plaintiffs for $195,45. The defendants moved for a new trial.

*J. Watson*, for defendants.

*J. Fleming*, *jun.* for plaintiffs.

*By the Court*, SUTHERLAND, J. The judge erred in excluding the certificate of the justice, which was offered to prove the judgment under which the defendants justified the trespass complained of. The certificate was objected to on two grounds: 1. Because the justice was not in office when it was given, and bore date; and 2. On the ground that it could not be evidence in favor of the justice himself, he being one of the defendants. The act provides, Laws of 1824, page 292, § 29, and 1 R. L. 398, § 21, " that the official certificate of a justice of the peace, certifying the proceeding, judgment and execution issued thereupon, in every case by such justice rendered, with a certificate thereon, sealed by the clerk of the county where such justice shall reside, certifying that he whose signature appears on said exemplification, was *at the date of said judgment*, a justice of the peace, shall be good and legal evidence in any court of justice in this state, to prove the facts contained in such exemplification, and nothing more." The object of this provision was to facilitate the proof of justice's judgments, and to dispense with the trouble and expense of procuring their personal attendance in order to prove the judgments rendered by them. *Benn* v. *Bouk*, 5 Wendell, 294. Its operation will be exceedingly circumscribed, if it is to be restricted to justices actually in office; and the evil intended to be remedied will, to a great extent, remain. It is doing no violence to the language of the act to consider a certificate given by a justice after his office has expired, in relation to an act performed by him when in office, *an official certificate*, and if such be the construction of the act, there can be no question that the justice would be liable for a false certificate given af-

ter his office had expired, in the same manner and to the same extent as though he had still been in office, with the single exception of removal from office. It will be observed that the clerk of the county is to certify that the justice was in office *at the date of the judgment,* merely, and not at the date of the certificate. This affords a fair ground of inference that the existence of the latter fact was not deemed by the legislature essential to the validity of such justice's certificate. It is said that the act requires the certificate to be given by the clerk of the county where the justice may reside when his certificate is given. This is not the true construction of the act; it must be given by the clerk of the county in which the judgment was rendered, and where the justice then resided. The clerks of other counties have no means of knowing who were or are the justices of other parts of the state. The names of the justices for each county are matter of record in its clerk's office, and can be certified only by such clerk. Cowen's Treatise, 563. The 20th section of the act of 1824, page 290, makes it the duty of justices of the peace to give transcripts of the judgments rendered by them when required, which may be filed in the county clerk's office, and become thereafter *liens* on real estate. The language of this section is no broader or more comprehensive than that of the 29th. But I believe it never has been doubted that such transcripts may be given by a justice after his office has expired.

The certificate, if admissible at all, was competent evidence for the justice, as well as the other defendant; it is but *prima facie* evidence for either. The act makes no distinction upon this subject. It makes the certificate evidence in every case; and it would seem to be more necessary where the justice himself is a party to the suit, than in any other case; as it would be very difficult, if not impossible, to prove the judgment in any other manner. Such evidence seems to be admissible, therefore, on the ground of necessity. *Cornell* v. *Cook,* 7 Cowen, 313.

I do not think the fact that the justice kept a docket was sufficiently proved to exclude parol evidence of the proceed-

ings before him. 'This point, however, is not material, as the erroneous decision upon the other, and more important question, entitles the defendant to a new trial.

New·trial granted, costs to abide the event.